**Opinion filed July 30, 2026**



**In The**

# Eleventh Court of Appeals

—————

## No. 11-26-00158-CR

—————

### JONATHAN URQUIDI BELLO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B240416CR**

## M E M O R A N D U M   O P I N I O N

On May 21, 2026, Appellant, Jonathan Urquidi Bello, filed an untimely notice of appeal from the trial court's judgment revoking his community supervision for the third-degree felony offense of evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2025). We dismiss the appeal for want of jurisdiction.

When this appeal was docketed, we notified Appellant by letter that his notice of appeal appeared to be untimely filed and that the appeal was subject to dismissal. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant respond and show grounds to continue the appeal. Appellant responded and stated that his court-appointed attorney, Kevin Acker, represented him during the hearing and was "handling [his] appeal for the 10 year TDCJ sentence." We sent two letters requesting a response from his attorney regarding whether any notice of appeal has been filed by Appellant or on Appellant's behalf that would invoke our jurisdiction.[1] Appellant's attorney has not responded, and it does not appear that his attorney filed a notice of appeal or a motion for new trial on Appellant's behalf.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. *Id.* Appellant filed his pro se notice of appeal 104 days after the trial court sentenced Appellant in open court.

We lack the authority to extend the time for perfecting the appeal. As such, we have no discretion in this matter, and we must dismiss this appeal. *Hernandez v. State*, 726 S.W.3d 285, 289 (Tex. Crim. App. 2025); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). We note, however, that Appellant may be able to secure an out-of-time appeal by filing a postconviction writ of habeas corpus with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2025); *Ater v. Eighth Ct. of Appeals*, 802 S.W. 2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

---

[1]We note that, in Appellant's notice of appeal, he stated that his "lawyer did file an appeal [on] the day" he was sentenced, "at the beginning of 2026."

We dismiss this appeal for want of jurisdiction.


W. BRUCE WILLIAMS

JUSTICE


July 30, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.